THE S. S. PANAMA CITY.

BURTON v. WATERMAN S. S. CORPORATION et al.

No. 69.

District Court, E. D. Pennsylvania.

Oct. 10, 1940.

Freedman & Goldstein, of Philadelphia, Pa., for plaintiff.

Rawle & Henderson, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

At the conclusion of the trial libellant was tendered by the respondent, and accepted, $50.70 wages and over-time.

The testimony clearly disclosed that that was the full sum to which the libellant was entitled. Libellant conceded that his discharge was justified. He contends, however, that he is entitled to two days' pay for each day's delay in paying his wages, under the provisions of Section 4529 of the Revised Statutes, as amended, 46 U.S. C.A. § 596 [1].

There is not the slightest evidence in this case of any unreasonable, arbitrary, or wilful action on the part of the ship's master, or of the respondent, such as to bring libellant's claim within the provisions of Section 4529. See McCrea v. United States, 294 U.S. 23, 30, 55 S.Ct. 291, 294, 79 L.Ed. 735: "The statute thus confers no right to recover double wages where the delay in payment of wages due was not in some sense arbitrary, willful, or unreasonable. In view of the many duties imposed, some by law, on the master of a vessel upon arrival in a foreign port, we cannot say that the statute compels him, on pain of sub-jecting himself or his owner to heavy loss, to make immediate decision of questions of law involved in a seaman's demands, of whose nature he is left in ignorance."

The libellant, having been paid $50.70, the total sum to which he was entitled, the libel should be and is hereby dismissed.

In accordance with Rule 46½, Admiralty Rules, 28 U.S.C.A. following section 723, I make the following findings of fact:

1. Libellant is a merchant seaman and signed articles for service on the Steamship Panama City from the Port of Mobile, Alabama, one or more coastwise ports for one or more voyages and for such other ports and places in any part of the world as the Master may direct and back to Mobile, Alabama, a final port of discharge in the United States, for a term of time not exceeding twenty-four calendar months (p. 2).

2. Libellant signed said articles on May 11, 1940, and was paid his wages up to and including August 4, 1940 (pp. 3, 31).

3. On August 30, 1940, at the Port of New Orleans, Louisiana, the libellant, according to his own admission, refused to perform his duties as messboy and by reason of such refusal the Master discharged him and fined him two days' pay (pp. 19, 33).

4. At the time the libellant was discharged the Master offered to pay him the wages then due, less advances and the amount of the fine and also offered to pay him overtime for nine and a half hours. Libellant contended that he was entitled to ten hours for overtime and refused to accept the balance of wages and overtime which the Master offered to pay him. Libellant thereupon left the vessel in search of a union delegate whom he could bring aboard and settle the contention as to the overtime, but he did not return to the vessel before it sailed about two or two and a half hours later (pp. 33, 36).

5. The vessel arrived at Mobile, Alabama, on the following day when and where the voyage was concluded under the terms of the articles (p. 37). On paying off the crew the Master deposited with the

[1] The relevant portion of Section 4529 reads: "The master or owner of any vessel making coasting voyages shall pay to every seaman his wages * * * at the time such seaman is discharged * * *. Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed * * * which sum shall be recoverable as wages in any claim made before the court."

66

United States Shipping Commissioner at Mobile, Alabama, on August 31, 1940, the sum of $50.70, being the balance of wages and over-time due the libellant (p. 35).

6. The amount of overtime to which the libellant was entitled was nine and a half hours as settled by the union delegate upon arrival of the vessel at Mobile (p. 48).

7. Thereafter, the vessel proceeded on another voyage and arrived at Philadelphia on September 9, 1940, on which day libellant made demand of the Master for wages, transportation and subsistence, which the Master refused to pay, but offered to pay the libellant the wages due him. The libellant refused the Master's offer and on the same day caused a libel to be filed against the vessel claiming $136.49 wages and two days' pay for one for each day payment was alleged to have been withheld as provided under Section 4529 of the Revised Statutes (pp. 44, 45).

8. On September 16, 1940, the libellant was notified by letter by the Mobile office of the owners that check covering his wages had been sent to its Philadelphia office and requesting libellant to call for same. The respondent forwarded to its Philadelphia office check dated September 12, 1940, in the amount of $50.70, which was offered to and accepted by the libellant at the conclusion of the hearing of this case (p. 56).

9. The amount due the libellant for his balance of wages and overtime is $50.70.

Conclusions of Law.

1. The Master was justified in discharging the libellant on August 30, 1940.

2. On August 30, 1940, the Master offered to pay the libellant the balance of wages and over-time which was then due him.

3. Libellant refused to accept the amount of the wages and over-time due him at the time of his discharge and when offered to him by the Master.

4. The amount demanded of the Master by the libellant at the time of his discharge was excessive.

5. The libellant made no proper legal demand upon any other officer or representative of the owner.

6. The refusal of the Master to pay the libellant the amount demanded by him at the time of his discharge was not arbitrary and wilful. In the circumstances there was sufficient cause therefor.

7. The libel should be and is hereby dismissed.